# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

KEVIN ALLEN KEY, #1095607

    Petitioner,

v.                                                             ACTION NO. 2:09cv600

GENE M. JOHNSON,
Director of the Virginia
Department of Corrections

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Kevin Allen Key ("Key") was convicted in the Circuit Court for the City of Chesapeake of possession with the intent to distribute more than five pounds of marijuana and conspiracy to possess with an intent to distribute more than five pounds of marijuana. The trial court sentenced Key to a total of 36 years incarceration with 10 years suspended. Key's direct appeal of his conviction to the Virginia Court of Appeals was denied on February 22, 2006. His petition for

rehearing was denied October 10, 2006. Key was granted a delayed appeal to the Supreme Court of Virginia on February 28, 2007. The Supreme Court of Virginia, however, denied his petition for appeal on September 25, 2007, and refused a request for a rehearing on November 9, 2007.

On November 10, 2008, Key timely filed a habeas corpus petition in the Supreme Court of Virginia, which dismissed his petition on May 1, 2009. A motion to rehear was refused on September 24, 2009.

Key, presently in the custody of the Virginia Department of Corrections at the Lunenburg Correctional Center in Victoria, Virginia, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 8, 2009. [Doc. No. 1.] On December 22, 2009, Key, represented by counsel, filed a Motion for Leave to Amend Habeas Claims [Doc. No. 4], and on February 8, 2010, respondent filed a Rule 5 Answer and Motion to Dismiss. [Doc. No. 7]. Key filed a response to the Motion to Dismiss on March 4, 2010. [Doc. No. 10.] Accordingly, this matter is now ripe for adjudication.

**B. Grounds Alleged**

Key asserts the following entitle him to relief under 28 U.S.C. § 2254:

(1) His due process rights were violated given that the Commonwealth failed to prove beyond a reasonable doubt that the petitioner committed the charged offenses.
(2) His due process and fair trial rights, including the right to a fair and impartial jury, were violated when the trial court refused to strike for cause prospective juror McCune.
(3) His due process and fair trial rights, including the right to a fair and impartial jury, were violated when the trial court refused to give the jury a curative instruction regarding improper remarks made by the Commonwealth during closing arguments.
(4) His due process and fair trial rights, including the right to a fair and impartial jury, were violated when the trial court failed to sustain petitioner's objection to the jury instruction regarding concert of action, given that there was no evidence to support the instruction.

(Am. Pet. at 2-3) [Doc. No. 4.]

(5) Trial counsel was ineffective for failing to object to the material testimony of Commonwealth expert witnesses as invading the jury's fact-finding function, as to an ultimate issue of fact in the case; failing to request jury instructions on expert testimony and failing to object to the lack of such jury instructions.

(6) Trial counsel was ineffective for failing to present evidence to the jury during the guilt/innocence phase of the trial, that the Commonwealth's evidence of large cash payments were actually money earned through the petitioner's legitimate and non-criminal business and were for legitimate and noncriminal expenses.

(7) Trial counsel was ineffective for failing to object to what he knew would be inadmissible and highly-prejudicial speculation and hearsay claims of Commonwealth witness, Charlene Mulligan.

(8) Trial counsel was ineffective for failing to request jury instructions as to the definitions of and elements required for constructive presence, and failed to object to the lack of such jury instructions.

(9) Trial counsel was ineffective for failing to argue to the trial court and jury, and appellate counsel was ineffective for failing to argue on appeal, that the evidence was insufficient because the large amount of marijuana was not found in the presence of the petitioner.

(10) Trial counsel was ineffective for failing to argue to the trial court, and appellate counsel was ineffective for failing to argue on appeal, the applicability of *Burchette v. Commonwealth*, 15 Va. App. 432, 425 (1992), that evidence of possession, and conspiracy to possess, was insufficient because the evidence failed to sufficiently establish the timing of a connection between the petitioner and the drugs in room 337, and the allegedly related items found. Va. Code. 19.2-270.6.

(Pet. at 11-20) [Doc. No. 1.]

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. *See* 28 U.S.C.A. § 2254(b) (2010). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). As *Pruett* explains, "[t]his [exhaustion] requirement is strictly enforced, in the interests of giving the state courts the first opportunity to consider and, if necessary, correct the alleged constitutional errors in a person's conviction and

sentencing." *Id.* at 1436. "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (*quoting Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (*citing Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Key raised four allegations of "court error" on his direct appeal,[1] and six allegations of ineffective assistance of counsel in his habeas corpus petition to the Supreme Court of Virginia. In this habeas petition, Key enumerated six identical ineffective assistance of counsel allegations, (claims 5-10) therefore fulfilling the exhaustion requirement with respect to the ineffective assistance of counsel claims.

As to claim one- that Key's due process rights were violated because the offense was not proven beyond a reasonable doubt- it too has been exhausted because Key alleged this count, referencing a U.S. Supreme Court case and the U.S. Constitution, on his direct appeal to the Supreme Court of Virginia. (Pet., Ex. 5 at 1) [Doc. No. 1.] Key's claim two- that his due process and fair trial rights, including the right to a fair and impartial jury were violated when the trial court refused to strike for cause a prospective juror- has also been exhausted at the state level on direct appeal. The Commonwealth argued that Key, though he cited to the Sixth Amendment of the U.S. Constitution, insisted that Virginia's statutory rights controlled over federal law, and that therefore

---

[1] Allegations of "court error" on Key's direct appeal were changed and worded as due process claims in Key's Amended Petition. [Doc. No. 4.]

this claim has not been exhausted because he did not properly raise the federal issue before the state court. (Br. Supp. Mot. Dismiss. at 8)[Doc. No. 9.] The Sixth Amendment, however, guarantees a right to an impartial jury, and given that it was raised at the state level on direct appeal, the Virginia court had the opportunity to review and consider the constitutional claim. Thus, Key's claim two has properly been exhausted.

Key's claims three and four have not been exhausted at the state level. Key failed to raise, in terms of federal law, alleged due process violations regarding the refusal to give a curative instruction, or the refusal to sustain objection to jury instructions with the Supreme Court of Virginia. Although Key brought the jury instruction issues to the attention of the state courts, he did not argue these claims with respect to the U.S. Constitution or other federal law.[2] He relied solely on state statutes and precedent. As a result, under the exhaustion provision of the statute, those issues are not properly before this Court. *See* 28 U.S.C.A. § 2254(b)(1)(A)(2010).

The exhausted federal claims in Key's petition may be addressed, leaving the alleged due process violations- claims one and two, and ineffective assistance of counsel- claims five through ten, as the only claims previously submitted to the Virginia Supreme Court and proper for review in this Court.

## B. Standard of Review

Pursuant to Title 28 of U.S.C.A. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits unless the Virginia Supreme Court's adjudication:

---

[2]*See supra* note 1 (jury instruction issues on Key's direct appeal were argued as "court error," rather than due process violations).

5

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C.A. § 2254(d)(1)-(2) (2010). The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389. Additionally, a *rejection* of a claim by the Supreme Court of Virginia is "no less an 'adjudication' of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." *Bell v. Jarvis*, 236 F.3d 149, 158 (4th Cir. 2000). As such, this Court may assess, under the same deferential standards of 28 U.S.C. § 2254, the rationale of the lower state court opinion on which the Virginia Supreme Court relied in rejecting Petitioner's appeal. *Id.*

With respect to the due process claims, the standard is specific to the type of due process violation alleged. Therefore, the standard for each alleged due process violation will be addressed within the discussion of its merits.

With respect to the multiple claims of ineffective assistance of counsel, the controlling standard is found in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a court to analyze a petitioner's claims under a two-prong test: performance and prejudice. To have granted relief, the Virginia Supreme Court must have found that (1) Key's counsel's performance fell below

the range of competence demanded of lawyers in criminal cases, *Strickland*, 466 U.S. at 690 (the "performance prong" of the test); and (2) there is a reasonable probability that but for the deficient performance by counsel the ultimate result would have been different. *Strickland*, 466 U.S. at 694 (the "prejudice prong" of the test). Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In order to recommend granting Key relief on his ineffective assistance of counsel claims, this Court must find that the Virginia Supreme Court's dismissal of his claims was an unreasonable application of *Strickland*.

### C. Merits

*Due Process*: Key's first two claims are allegations of due process violations. In claim one, Key alleges that the Commonwealth failed to prove that he committed the charged offenses beyond a reasonable doubt. A state prisoner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew . . . the guilt determination or to replace the state's system of direct appellate review." *Wilson v. Greene*, 155 F.3d 396, 405-06 (4th Cir. 1998) (*citing Wright v. West*, 505 U.S. 277, 292 (1992)). Additionally, "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C.A. § 2254(e)(1)(2010). Thus, a defendant is entitled to relief only if, based on the rebuttable presumption of the facts, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Wilson*, 155 F.3d at 406 (*citing Jackson*, 443 U.S. at 324).

The Court of Appeals of Virginia reviewed the record evidence in this case and, in the highest reasoned state court opinion, held that the evidence- which showed that Key and the co-defendant traveled on the same airline flights, stayed in the motel rooms rented in another person's name during the same period of time, and were seen going back and forth between the two motel rooms and leaving the motel together- was sufficient to prove beyond a reasonable doubt that Key jointly possessed all of the recovered marijuana and conspired to distribute it. (Pet., Ex. 7 at 5) [Doc. No. 1.] The Court of Appeals of Virginia cited *Josephs v. Commonwealth*,10 Va. App. 87, 99 (1990) to show that "possession need not always be exclusive. The defendant may share it with one or more." (*citing Gillis v. Commonwealth*, 215 Va. 298, 301-02 (1974)). The Court of Appeals of Virginia found that the evidence was sufficient to prove beyond a reasonable doubt that Key was equally culpable for the possession of marijuana. (Pet., Ex. 7 at 4-5.) After examining these facts through the testimony presented, the Court of Appeals, and consequently the Supreme Court of Virginia, did not err in finding the evidence sufficient. The circumstances do not render this ruling contrary to, or an unreasonable application of the *Jackson* standard; neither does it rest upon an unreasonable finding of facts. 443 U.S. at 324. Accordingly, the petitioner is not entitled to federal habeas relief with respect to claim one.

In claim two, Key asserts that his due process rights were violated when the court refused to strike juror McCune for cause. The Sixth Amendment of the U.S. Constitution dictates a prisoner's right to a fair and impartial jury. U.S. Const. amend. VI. The Court of Appeals of Virginia reasoned that although McCune indicated that she would give more weight to the testimony of an officer over that of a citizen based on the officer's authoritative position, she also said that she would accept and consider evidence that the officer's statements were false. (Pet., Ex. 7 at 1-2.)

McCune further indicated that she could render a fair and impartial decision, understood that a person is innocent until proven guilty, and would base her decision on the facts in the case and the law as provided by the judge. *Id.* Thus, the Court of Appeals of Virginia held that the trial court did not abuse its discretion by denying the motion to strike McCune. *Id.* at 2.

Again, after examining the facts and the reasoning of the Court of Appeals of Virginia, this Court has no reason to believe that Key's constitutional right to an impartial jury was violated. McCune understood and adhered to the principle that the defendant is innocent until proven guilty. While she indicated that she might give more weight to the testimony of an officer in his position of authority, she also said she would certainly accept evidence that his statements were false. Thus, no indication has been made, under *Williams*, that would firmly convince this Court that a federal constitutional right has been violated by the Court of Appeals of Virginia and consequently, the Supreme Court of Virginia. *Williams v. Taylor*, 529 U.S. 362, 389 (2000). Accordingly, the petitioner is not entitled to federal habeas relief with respect to claim two.

*Ineffective Assistance of Counsel*: Key's last six claims are allegations of ineffective assistance of counsel. Key first alleges, in claim five, that his trial counsel was ineffective for (a) failing to object to the material testimony of a Commonwealth's expert witness as invading the jury's fact-finding function as to the ultimate issue of fact; (b) failing to request jury instructions on expert testimony; and (c) failing to object to the lack of such jury instructions. With respect to part (a), the Supreme Court of Virginia held:

> The Court holds that this portion satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record, including the trial transcript, demonstrates that counsel did object to Sergeant Chamber's testimony on the grounds that his testimony invaded the province of the jury and the court overruled the

9

> objection. Because Detective Heckler stated that he was only offering the opinion that the amount of marijuana found in the hotel rooms was inconsistent with personal use, not that the petitioner possessed the marijuana, his testimony did not invade the province of the jury. Counsel, therefore, was not ineffective for failing to raise or continuing to raise a futile objection.

(Pet., Ex. 1 at 2) [Doc. No. 1.] The Supreme Court of Virginia found this to be within the range of reasonable professional assistance under *Strickland*. Indeed, it would be unreasonable to find that counsel was ineffective for failing to object, when he did in fact, object. Moreover, even if counsel had not objected, it would not necessarily have rendered him ineffective under the *Strickland* standard. *See United States v. Safari*, 849 F.2d 891, 895 (1988) (ruling that an expert witness who testified that the amount of heroin found on the defendant would break down into 13,200 individual doses did not invade the fact-finding province of the jury, but rather aided the jury during its deliberations, given that most laymen are not familiar with the quantity, purity and dosage units of heroin.) Thus, this Court has no basis to believe the Supreme Court of Virginia's decision conflicted with constitutional or federal law, was an unreasonable application of constitutional or federal law, or was a violation of a constitutional or federal right. *See Williams*, 529 U.S. at 389. As such this claim should be denied.

With respect to parts (b) and (c), the Supreme Court of Virginia held that since Key failed to proffer the jury instruction that he contends should have been requested, he cannot demonstrate that counsel's performance was deficient, or that but for the alleged failure, the outcome would have been different. (Pet., Ex 1 at 2-3). Indeed, without indicating what counsel *should* have done by way of proffer, the alternative result remains inconclusive, and therefore it would be almost impossible to declare counsel's performance deficient under the "prejudice" prong of *Strickland*. Thus, this Court, again, has no basis to believe that the decision conflicted with constitutional or

federal law, was an unreasonable application of constitutional or federal law, or was a violation of a constitutional or federal right. *See Williams,* 529 U.S. at 389. As such, this claim should be denied.

Key's sixth claim alleges that counsel was ineffective for failing to present rebuttal evidence to the jury to suggest that the Commonwealth's evidence, of large cash payments, was actually money earned through his legitimate business, and were for legitimate expenses. The Supreme Court of Virginia found that, not only did Key not want to testify at trial, he also failed to proffer information as to what other evidence counsel could have presented to show either a legitimate business, or how such evidence would have negated the fact that petitioner was found in the hotel room with over $200,000 in cash, more than half of which was in denominations of $20 or less. (Pet., Ex. 1 at 3.) The Supreme Court of Virginia, therefore, held that Key failed to satisfy either prong of the *Strickland* test.

Likewise, absent any indication from Key as to evidence of legitimate business or legitimate expenses, counsel should not be held as ineffective for not asserting it. Key does not allege that counsel ignored evidence, only that he did not bring up one possible theory for which Key has not even proffered any evidence. The amount of theories or arguments counsel *could* make in a case are infinite, and counsel, especially given the strong presumption of reasonableness under *Strickland*, should not be held to be ineffective for not putting forth one particular theory for which no evidence has been presented. Thus, this Court has no reason to believe that the Supreme Court of Virginia's ruling is contrary to, or an unreasonable application of constitutional or federal law, nor that it was a violation of a constitutional or federal right. *See Williams,* 529 U.S. at 389. As such, this claim should be denied.

In claim seven, Key alleges that counsel was ineffective for failing to object to inadmissible and highly-prejudicial speculation and hearsay claims of a Commonwealth's witness, Charlene Mulligan. The Supreme Court of Virginia noted that Key's counsel extensively cross-examined Mulligan regarding potentially speculative testimony, and that therefore, Key failed to demonstrate the "prejudice" prong of the *Strickland* test- that a reasonable probably existed, that but for counsel's alleged errors, the result would have been different. (Pet., Ex. 1 at 4.) Indeed, whether by objection or cross-examination, the alleged speculation *was* brought to light during the trial. As such, Key failed to show a likelihood that the result would have been different had counsel objected. Therefore, this Court has no reason to believe that the ruling in favor of the Commonwealth conflicted with constitutional or federal law, was an unreasonable application of constitutional or federal law, or was a violation of a constitutional or federal right. *Williams*, 529 U.S. at 389. Accordingly, the petitioner is not entitled to federal habeas relief with respect to claim seven.

Key, in claim eight, alleges that counsel was ineffective for failing to request, and failing to object to the lack of jury instructions as to the definitions of and elements required for constructive presence. The Supreme Court of Virginia indicated that the record, including the trial transcript, showed that the jury was accurately instructed regarding the elements for a principle in the second degree, including "that presence alone is not sufficient to constitute aiding and abetting and that a person has to intend for his words or actions to encourage, advise, or help another commit a crime."[3]

---

[3] Virginia law provides that mere presence at the crime scene is insufficient to establish that the defendant was a principal in the second degree. *Washington v. Commonwealth*, 43 Va. App. 291, 306 (2004); *Sutton v. Commonwealth*, 228 Va. 654, 666 (1985). The defendant must share the criminal intent of the principal in the first degree or be guilty of some overt act in furtherance of the commission of the felony. *Augustine v. Commonwealth*, 226 Va. 120, 124 (1983); *Bass v. Commonwealth*, 31 Va. App. 373, 389 (2000).

(Pet., Ex. 1 at 5.) Therefore, the Supreme Court of Virginia held, Key's claim satisfied neither the "performance" nor the "prejudice" prong of *Strickland*'s two-part test. *Id.* Likewise, given that the jury instruction was accurate under Virginia law, this Court cannot find any evidence of counsel's deficiency that might satisfy the "performance" and "prejudice" prongs of the *Strickland* test. *See United States v. Konsavich*, 2009 U.S. Dist. LEXIS 56322, *21 (2009) (ruling that "[counsel's] failure to object did not fall below an objective level of reasonableness because the instructions accurately reflected the law . . . ."). Thus, the Virginia Supreme Court's decision was not in conflict with constitutional or federal law, it was not an unreasonable application of constitutional federal law, and it was not a violation of a constitutional or federal right. *Williams*, 529 U.S. at 389. Therefore this claim should be denied.

In claim nine, Key asserts that counsel was ineffective because trial and appellate counsel failed to argue that the large amount of marijuana found in the co-defendant's room was not found in Key's presence. The Supreme Court of Virginia held that this claim satisfied neither the "performance" nor the "prejudice" prong of the two-part test in *Strickland*. (Pet., Ex. 1 at 5-6.) It ruled that the record demonstrated that the evidence was sufficient to prove that Key constructively possessed the marijuana- that he was aware of both the presence and character of the substance, and that it was subject to his dominion and control. *Id.* at 6. The fact that Key was seen going in and out of the co-defendant's room where the marijuana was stored, the fact that he was found in his room with over $200,000 in cash, three cell phones, a digital scale, boxes of vacuum seal rolls, a roll of plastic wrap, storage bags, a smoking device, and additional marijuana, the Supreme Court of Virginia held, was enough to show constructive presence. *Id.* Therefore, it ruled, counsel would have no reason to put forth an argument that the marijuana was not found in Key's presence, and

Key's claim failed under the *Strickland* standard. *Id.*

Given the legal determination that Key's actions constituted constructive presence of the marijuana, it would have been futile for his attorney to argue that the marijuana was not found in his presence. Therefore, this Court has no basis to believe that the decision of the Supreme Court of Virginia conflicted with constitutional or federal law, was an unreasonable application of constitutional or federal law, or was a violation of a constitutional or federal right. *Williams*, 529 U.S. at 389. As such this claim should be denied.

With regard to claim ten, Key alleges that he was denied effective assistance of counsel because both trial counsel and appellate counsel failed to argue, based on the ruling in *Burchette v. Commonwealth*, 15 Va. App. 432, 425 (1992), that the evidence was insufficient to prove possession because the Commonwealth failed to establish that Key was in constructive possession of the marijuana when the marijuana was in the co-defendant's room. The Supreme Court of Virginia again found that Key's claim did not meet the two-part *Strickland* test. (Pet., Ex. 1 at 6-7.) The Supreme Court of Virginia examined the record, which demonstrated that Key had gone back and forth between his room and the co-defendant's room, that he had been found with $200,000 in cash, a digital scale, packaging materials, and drug paraphernalia, and that marijuana was found in the co-defendant's room. *Id.* It distinguished *Burchette* from Key's case because in *Burchette*, a conviction was reversed based upon the fact that the Commonwealth failed to establish when the defendant had last operated the car where the marijuana was found, whereas in this case, the petitioner was culpable based on the fact that he had acted in concert with the co-defendant to possess the marijuana. (Pet., Ex. 1 at 7.) Given these differences, the Supreme Court of Virginia held that counsel had no valid legal basis to rely on *Burchette*, and thus his performance was not

deficient, nor was there a reasonable probability that but for his alleged errors, the result would have been different. *Id.*

The differences illuminated by the Supreme Court of Virginia between *Burchette* and this case, emphasize the fact that counsel would have no reason to argue *Burchette*. Thus, given that Key alleged that his counsel should have cited to an inapplicable case, the claim would fall below the *Strickland* standard, and this Court has no reason to believe that the Supreme Court of Virginia's ruling was contrary to federal or constitutional law, that it was an unreasonable application of federal or constitutional law, and no reason to believe that it was a violation of a federal or constitutional right. *Williams,* 529 U.S. at 389. Therefore, Petitioner's claim ten should be denied.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Key's petition for a writ of habeas corpus be DENIED and DISMISSED and the respondent's motion to dismiss be GRANTED. Key's Claims (3) and (4) should be DENIED because they were never adjudicated by the Supreme Court of Virginia and, therefore do not fulfill the exhaustion requirement. Key's Claims (1), (2), and (5)-(10) should be DENIED because he failed to show a conflict with, violation of, or unreasonable application of facts applied to federal law on the part of the Virginia state courts.

Key has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell,* 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28

U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
May 19, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

David Bernard Hargett, Esq.
Hargett & Watson PLC
11545 Nuckols Rd
Suite C
Glen Allen, VA 23059


Kevin Allen Key, #1095607
Lunenburg Correctional Center
P.O. Box 1424 - 2A/87
Victoria, VA 23974


Craig Winston Stallard, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk
May 20, 2010