FILED
JUN 30 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEVIN ALLEN KEY, #1095607,

Petitioner,

v.                                    ACTION NO. 2:09cv600

GENE JOHNSON,
Director of the Virginia Dept. of Corrections,

Respondent.

FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of Petitioner's constitutional rights pertaining to his convictions for possession with the intent to distribute more than five pounds of marijuana and conspiracy to possess with an intent to distribute more than five pounds of marijuana, in the Circuit Court for the City of Chesapeake, as a result of which he was sentenced to serve thirty-six years in the Virginia penal system, with ten years suspended.

The petition was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge's Report and Recommendation filed May 19, 2010, recommends dismissal of the petition. On June 7, 2010, the Court received Petitioner's Objections to the Report

and Recommendation.

First, Petitioner objects to the denial of his claim that the Commonwealth failed to prove that he committed the charged offenses beyond a reasonable doubt. Petitioner objects for the reasons stated in the brief in support of the federal habeas petition, and in his response to the motion to dismiss. He includes the accusation that the state court based its decision in part on evidence presented during a pre-trial motion as well as on a misstatement of the evidence. (Obj. at 1) [Doc. No. 12.] The alleged misstatement and pre-trial motion evidence is insufficient to negate all of the other evidence considered by the Court of Appeals of Virginia when it determined that the evidence was sufficient. (Pet., Ex. 7 at 5) [Doc. No. 1.] Even absent the pre-trial motion evidence or the alleged misstatement, the circumstances do not render this ruling contrary to, or an unreasonable application of clearly established federal law. See Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998). As such, the Court finds no merit to the objection.

Second, Petitioner objects to the fact that a prospective juror stated she would give more weight to the testimony of an officer over that of a citizen. (Pet. Obj. at 2) [Doc. No. 12.] This is the same argument that Petitioner put forth in his original habeas petition, and it again falls short. Given that the juror indicated that she could be fair and impartial, no indication has

2

been made that would firmly convince this Court that a federal constitutional right has been violated by the Court of Appeals of Virginia and consequently, the Supreme Court of Virginia. (Pet., Ex. 7 at 1-2), see Rougeau v. Carey, 2008 U.S. Dist. LEXIS 96752, *10 (N.D. Cal. 2008) (ruling that the petitioner's right to an impartial jury was not violated when the trial court refused to strike a juror who was friends with policemen and who expressed a low opinion of self-representation, given that the juror indicated she was able to be fair and impartial). Thus, the Court finds no merit to the objection.

Third, Petitioner objects to the denial of claim three, arguing that it has been exhausted on the state level. Petitioner argues that even though his state petition for appeal does not expressly declare a constitutional violation regarding due process or a fair trial, such claims were implicated. (Obj. at 2.) Petitioner, however, did not raise his issues in claim three in terms of federal law or the U.S. Constitution, and instead relied solely on state statutes and precedent. That he simply raised a "fair trial issue" which may or may not imply a federal violation is not sufficient to fulfill the strict enforcement of the exhaustion requirement. See Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993), see also Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994). Therefore, the Court finds no merit to the objection.

3

Fourth, Petitioner claims, under the same reasoning as his third objection, that claim four was exhausted at the state level. For the reasons stated above, the Court finds no merit to this objection.

Fifth, Petitioner objects to the denial of his claim that his counsel was ineffective for failing to present evidence during the guilt/innocence phase of trial that large cash payments were earned through legitimate business.[1] In applying <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) to Petitioner's claim, the Supreme Court of Virginia ruled that it satisfied neither the "performance" nor the "prejudice" prong. It held, not only that Petitioner informed the court that he did not want to testify at trial, but also that evidence of some cash from a legitimate business would not overcome the other evidence- namely the $200,000 in cash, more than half of which was in $20 denominations or less- to the extent that it would have changed the outcome of the trial. (Pet., Ex. 1 at 3.) Therefore, the Supreme Court of Virginia held that Petitioner's attorney was not deficient for failing to present such evidence, nor would the outcome have been different had such evidence been presented. (Pet., Ex. 1 at 3.) Especially given the strong presumption of attorney competence, the Court does not find that this was an unreasonable application of the <u>Strickland</u>

---

[1] The Court notes that this was Petitioner's claim number five, and that the order of claims five and six were switched in the Report & Recommendation.

standard, and therefore, finds no merit to the objection.

Sixth, Petitioner objects to the denial of his claim that his trial counsel was ineffective for failing to: (a) object to the material testimony of a Commonwealth's expert witness as invading the jury's fact-finding function as to the ultimate issue of fact; (b) request jury instructions on expert testimony; and (c) object to the lack of such jury instructions. (Obj. at 3-4.) The Supreme Court of Virginia found that none of these three claims satisfied the "performance" or "prejudice" prong of Strickland. Specifically, the Supreme Court highlighted the fact that counsel did, in fact, object to the Commonwealth's expert witness, and that, without a proffer from Petitioner regarding what instructions should have been provided to the jury, it was not possible to determine whether the outcome would have changed. This again, is not an unreasonable application of the Strickland standard, or a violation of constitutional or federal law. See United States v. Safari, 849 F.2d 891, 895 (1988) (ruling that an expert witness who testified regarding the number of individual doses contained within the amount of heroin found on the defendant did not invade the fact-finding province of the jury.) Therefore, the Court finds no merit to the objection.

Seventh, Petitioner objects to the denial of his claim that counsel was ineffective for failing to object to inadmissible and highly-prejudicial speculation and hearsay claims of a

Commonwealth's witness. (Obj. at 4-5.) Though the witness was cross-examined regarding her alleged assumptions, Petitioner argues that the cross-examination of her was far inferior to an objection which may have precluded the testimony. The Supreme Court of Virginia held that Petitioner's claim failed the "prejudice" prong of Strickland. (Pet., Ex. 1 at 4.) It indicated that testimony elicited on cross-examination regarding the witness' alleged assumptions and confusion was enough to provide a reasonable probability the outcome would not have changed, had counsel objected. (Pet., Ex. 1 at 4.) Regardless of whether one method may be superior to the other, this is not an unreasonable application of the Strickland standard, given that the alleged assumptions and confusion were, in fact, brought to light in court. Therefore, this Court finds no merit to the objection.

Eighth, Petitioner objects to the denial of his claim that counsel was ineffective for failing to request, and failing to object to the lack of jury instructions as to the definitions of, and elements required for, constructive presence.[2] (Obj. at 5.) The Supreme Court of Virginia held that these alleged failures

---

[2]Petitioner's objection states that the jury should have been instructed on the elements of constructive possession. The federal and state habeas petitions, however, discuss the claim in terms of "constructive presence." Therefore, pursuant to the exhaustion requirements, this Court will address Petitioner's objection only in terms of "constructive presence." See Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993).

satisfied neither the "performance" nor the "prejudice" prongs of Strickland. (Pet., Ex. 1 at 5.) It indicated that the record, including the trial transcript, showed that the jury was accurately instructed regarding the elements for a principle in the second degree, including "that presence alone is not sufficient to constitute aiding and abetting and that a person has to intend for his words or actions to encourage, advise, or help another commit a crime." (Pet., Ex. 1 at 5.) This ruling was not an unreasonable application of Strickland. See also United States v. Konsavich, 2009 U.S. Dist. LEXIS 56322, *21 (2009) (ruling that "[counsel's] failure to object did not fall below an objective level of reasonableness because the instructions accurately reflected the law . . . ."). Therefore the objection is without merit.

Ninth, Petitioner objects to the denial of his claim that counsel was ineffective because trial and appellate counsel failed to argue that the large amount of marijuana found in the co-defendant's room was not found in Petitioner's presence. (Obj. at 3-4.) The Supreme Court of Virginia held that all the evidence that connected the petitioner to the marijuana, was enough to show constructive presence. (Pet., Ex. 1 at 6.) Therefore, it held that the claim failed both the "performance" and "prejudice"prongs of Strickland as counsel would have no basis to argue that the marijuana was not found in Petitioner's presence. (Pet., Ex. 1 at 6.) Given the legal determination that Petitioner's actions

7

constituted constructive presence of the marijuana, this Court finds that the Strickland standard was reasonably applied, and that there is no merit to the objection.

Tenth, Petitioner objects to the denial of his claim that he was denied effective assistance of counsel because both trial counsel and appellate counsel failed to argue, based on the ruling in Burchette v. Commonwealth, 15 Va. App. 432, 425 (1992), that the evidence was insufficient to prove possession. (Obj. at 3-4.) The Supreme Court of Virginia outlined notable distinctions between Burchette and this case, and determined that counsel would have had no legal basis under which to argue Burchette as applicable to this case. Therefore, it held, counsel's performance was not deficient. Finding that counsel was not ineffective for failing to argue an inapplicable case is not an unreasonable application of the Strickland standard. Therefore, the Court finds no merit to the objection.

The Court does hereby accept the findings and recommendations set forth in the Report and Recommendation filed May 19, 2010, and it is therefore ORDERED that Respondent's Motion to Dismiss be GRANTED, and that the petition be DENIED and DISMISSED. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street,

Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

/s/
Rebecca Beach Smith
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 30, 2010